IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL APODACA et al.,

                Plaintiffs,

  vs.                                                 CIVIL NO.   01-639 LH/LFG

PUBLIC SERVICE COMPANY
OF NEW MEXICO,

                Defendant.

## MEMORANDUM AND ORDER DENYING FED. R. CIV. P. 56(f) REQUEST FOR ADDITIONAL DISCOVERY TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

Defendant, Public Service Company of New Mexico ("PNM"), hand-delivered its Motion for Summary Judgment to opposing counsel of record on January 24, 2002. In accord with the district's motion package rule, the motion, memorandum in support, response, supplemental response and reply were simultaneously filed as a "package" on February 27, 2002 [Docs. 40, 41, 42, 43 and 44].

As part of their response to PNM's motion, Plaintiffs state that the motion is premature (*see* Response Memorandum, p. 10). Plaintiffs seek to incorporate a request for additional discovery pursuant to Fed. R. Civ. P. 56(f) in their response. (*See* Response, p. 2). To support the request for additional discovery, Plaintiffs append the affidavit of John Engert, one of the Plaintiffs. This affidavit states that Plaintiffs need additional discovery from PNM, including discovery to establish ages and years of service of the plaintiff group; discovery on ages of replacement workers; discovery on the "evolution and discussion of the

plan" to eliminate the Plaintiffs' group; and information on bonuses, salary increases and compensation paid to PNM managers. Plaintiffs represent that they served discovery requests on PNM seeking this information, but that PNM has not provided the information sought. PNM opposes Plaintiffs' request to delay action on the motion for summary judgment pending additional discovery.

The request for discovery is impermissibly joined in their response to the motion. This practice is prohibited by the district's Administrative Order 92-88. Thus, for non-compliance with the requirements of this Administrative Order, the request is denied.

In addition to this technical defect, the Plaintiffs' request for additional discovery is denied on the merits. In PNM's reply to the motion for summary judgment, it notes that Plaintiffs were simply wrong in their representation that PNM had not responded to discovery requests. (Plaintiffs' Response at p. 2; Plaintiffs' Response Memorandum at pp. 2-4, 6 and 10). PNM notes that it did, in fact, respond to Plaintiffs' discovery requests on January 22, 2002. PNM produced a certificate of service and a cover letter verifying that the responses were served, together with a courier's verification of delivery. Indeed, Plaintiffs now sheepishly admit their error and acknowledge that they received PNM's discovery, but "overlooked" the responses.

While errors can occur, the Court notes that this is the second time in the course of this litigation that Plaintiffs falsely claimed that they did not receive pleadings delivered by PNM. Allegations that a party is obstructing the discovery process are serious and should not lightly be made. They should not be made at all when they are simply untrue, as they

are here. PNM's exhibits verify Plaintiffs' erroneous representations in this regard.

The third reason for denying additional discovery is that, unlike in instances where discovery has been stayed pending consideration of a qualified immunity defense, *see, e.g.*, Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 2156 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982), such has not been the case here. Plaintiffs were free to engage in discovery and if they have delayed in serving discovery requests, the fault should not be laid at PNM's door. Discovery in this case closed on March 15, 2002. Plaintiffs either did not timely commence discovery or, alternatively, having received the discovery responses, did not find them deficient, as no motion to compel was filed.

The Court concludes that the Rule 56(f) discovery request, incorporated in a response to a motion for summary judgment, is improper; that PNM responded to discovery requests in a timely and appropriate fashion, and no discovery requests were outstanding as alleged by Plaintiffs; and, finally, that the Rule 56(f) affidavit is deficient in that no additional discovery was necessary to adequately respond to the motion for summary judgment.

Accordingly, the Court denies Plaintiffs' request for discovery and deems the briefing on the motion for summary judgment closed. The motion is now ripe for determination.

_____
Lorenzo F. Garcia
United States Magistrate Judge